**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-6002**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRIUS DARRIUS RASBERRY,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:17-cr-00457-TDC-1; 8:19-cv-02446-TDC)

───────────

Submitted:  May 24, 2024                        Decided:  May 30, 2024

───────────

Before NIEMEYER and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant.  Phillip A. Selden, First Assistant United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Darrius Rasberry appeals the district court's order denying his 28 U.S.C. § 2255 motion.  We previously granted a certificate of appealability on the question of whether Rasberry's former attorney ("sentencing counsel") rendered ineffective assistance by failing to file a notice of appeal. We now affirm the district court's order.

We review de novo the district court's legal conclusions and "any mixed questions of law and fact addressed by the court as to whether [Rasberry] has established a valid Sixth Amendment ineffective assistance claim." *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016).  Because the district court resolved Rasberry's claim after conducting an evidentiary hearing, we review its factual findings for clear error.  *United States v. Nunez-Garcia*, 31 F.4th 861, 865 (4th Cir. 2022).

We discern no reversible error in the district court's denial of Rasberry's § 2255 motion.  To succeed on a claim of ineffective assistance of counsel, a movant must show that counsel's performance was constitutionally deficient and that he was prejudiced by the deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984).  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Garza v. Idaho*, 586 U.S. 232, 241 (2019) (internal quotation marks omitted).  And if a defendant "never explicitly requests an appeal, [he] can still establish deficient performance by showing that counsel failed to consult with [him], and that a reasonable attorney would have done so under the circumstances."  *Bostick v. Stevenson*, 589 F.3d 160, 166 (4th Cir. 2009).  Here, sentencing counsel consulted with Rasberry regarding his right to appeal and "advise[d him] about the

2

advantages and disadvantages of an appeal." *Id.* Rasberry then told sentencing counsel that he did not want to appeal. On these facts, we conclude that sentencing counsel did not render deficient performance by not noting an appeal.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*